United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————————————

No. 06-30032

(Summary Calendar)

————————————

BIZCAPITAL BUSINESS & INDUSTRIAL DEVELOPMENT CORPORATION,

Plaintiff-Appellee,

versus

COMPTROLLER OF THE CURRENCY OF THE UNITED STATES,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge.

The Office of the Comptroller of the Currency ("OCC") appeals the district court's grant of summary judgment in favor of BizCapital Business & Industrial Development Corporation ("BizCapital") and the district court's order requiring disclosure of a Suspicious Activity Report ("SAR").

I

BizCapital filed a request with the OCC, seeking disclosure of any SARs filed by Union Planters National Bank concerning Media Direct and its principal, Raymond Reggie.[1]  In its request, BizCapital explained that such information was critical to the success of a civil action it had brought against Union Planters Bank in state court.  The OCC denied BizCapital's request, asserting that disclosure was contrary to the Bank Secrecy Act, 31 U.S.C. § 5318(g), OCC regulation 12 C.F.R. § 21.11(k), OCC Interpretive Letter No. 978, and case law suggesting that disclosure of SARs is prohibited.

BizCapital filed suit in federal district court, seeking review of the OCC's final administrative decision.  *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").  After briefing and oral argument, the district court granted BizCapital's cross-motion for summary judgment, rejecting the OCC's argument that it was absolutely prohibited from revealing SARs to third parties and determining that the OCC improperly failed to weigh the factors outlined in its own regulations[2]

---

[1]  Federal regulations require "national banks as well as any Federal branches and agencies of foreign banks licensed or chartered by the OCC" to file a SAR "when they detect a known or suspected violation of Federal law or a suspicious transaction related to a money laundering activity or a violation of the Bank Secrecy Act."  12 C.F.R. § 21.11(a).  According to the OCC and amici, the SAR procedure is an essential tool in the investigation and prosecution of money laundering and terrorist financing.

[2]  "The OCC decides whether to release non-public OCC information based on its weighing of all appropriate factors including the requestor's fulfilling of the requirements enumerated in § 4.33."  12 C.F.R. § 4.35(a)(1).  The requestor is required to show–among other things–that the information is relevant to the purpose for which it is sought, that other evidence reasonably suited to the requestor's needs is not available from another source, that the need for the information outweighs the public interest considerations in maintaining the confidentiality of the OCC information, and that the need outweighs the burden on the OCC to produce the information.  12 C.F.R. § 4.33(a)(3)(iii).  These are known as Touhy regulations.  *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951) (approving federal agencies' use of regulations to govern administrative requests for production of agency documents and testimony.)

prior to denying BizCapital's request. *BizCapital Bus. & Indus. Dev. Corp. v. OCC*, 406 F.Supp.2d 688, 692-93 (E.D. La. 2005).[3] Although it acknowledged that remand is normally appropriate where "a district court arrives at an issue that an agency has not yet evaluated," the district court concluded: (1) "when there [i]s no procedural defect in agency decision-making, i.e., when the agency had a complete record before it and simply made an unlawful decision, there is no need to remand"; and (2) remand would be futile because the OCC had "taken the position that the factors are pre-weighed and that all requests for SARs will be categorically denied." *Id*. at 697. The district court then ordered an *in camera* review of "any SAR responsive to plaintiff's administrative request." *Id*. The court reviewed the document provided by the OCC, determined that disclosure was appropriate, but stayed disclosure pending this appeal.

We review *de novo* a district court's ruling on a motion for summary judgment. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995).

II

---

[3]     The Court recognizes that the Bank Secrecy Act, the OCC's regulations, and case law establish an absolute prohibition on financial institutions from disclosing to third parties information about the filing of a SAR. Thus, plaintiff is prohibited from asking Union Planters National Bank about any SARs it may have filed. However, that is not the issue before the *693 Court. The Court is asked to determine whether an administrative request for information made to the OCC was properly considered by the agency. The OCC's position, that it does not have to consider plaintiff's request individually because the OCC itself is absolutely prohibited from revealing information about the filing of a SAR to third parties, is not supported by the Bank Secrecy Act or by its own regulations. The few cases that concern requests to the federal treasury agencies, rather than financial institutions, support the conclusion that the OCC has the authority to release a SAR.

*BizCapital*, 406 F.Supp.2d at 692-93.

The OCC limits its appeal to one issue: whether the district court erred in failing to remand the case to the OCC for an initial administrative determination of BizCapital's request, using the standard imposed by the district court. Significantly, the OCC explicitly states that it "does not challenge the district court's conclusion that SARs are not categorically privileged under the circumstances presented in this case, but are subject to the balancing test set forth in the OCC's *Touhy* regulation." *See* 12 C.F.R. §§ 4.31-4.40. BizCapital argues that remand is inappropriate because the district court found that such a remand would have been futile.

"Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 905 (5th Cir. 1983) ("If the agency decision is not sustainable on the basis of the administrative record, then 'the matter should be *remanded* to [the agency] for further consideration.'" (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973))).

Here, the OCC never applied the facts pertinent to BizCapital's request against the factors in the OCC's regulations. *See* 12 C.F.R. §§ 4.31-4.40.[4] Rather, it denied BizCapital's request based

_____

[4] 12 C.F.R. § 4.33(a)(3) provides:

Request arising from adversarial matters. Where the requested information is to be used in connection with an adversarial matter:

upon a conclusion of law that the district court subsequently rejected. Under such circumstances, remand is usually required.

BizCapital does not dispute that remand is usually required. Instead, it argues that this is the type of rare circumstance where remand "would be an idle and useless formality" because the agency will inevitably adhere to its prior decision. *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). It argues that the district court expressly found that the OCC "took the position that the factors are pre-weighed and that all requests for SARs will be categorically denied."

At oral argument, the OCC stated that "[t]here would be no circumstances in which a private litigant would be entitled to [a SAR] under the absolute privilege created by the bank secrecy

> (i) The OCC generally will require that the lawsuit or administrative action has been filed before it will consider the request;
> (ii) The request must include
> > (A) A copy of the complaint or other pleading setting forth the assertions in the case;
> > (B) The caption and docket number of the case;
> > (C) The name, address, and phone number of counsel to each party in the case; and
> > (D) A description of any prior judicial decisions or pending motions in the case that may bear on the asserted relevance of the requested information;
> (iii) The request must also:
> > (A) Show that the information is relevant to the purpose for which it is sought;
> > (B) Show that other evidence reasonably suited to the requester's needs is not available from any other source;
> > (C) Show that the need for the information outweighs the public interest considerations in maintaining the confidentiality of the OCC information and outweighs the burden on the OCC to produce the information;
> > (D) Explain how the issues in the case and the status of the case warrant that the OCC allow disclosure; and
> > (E) Identify any other issue that may bear on the question of waiver of privilege by the OCC.

act . . . ." We disagree that this statement requires a finding of futility. To the contrary, the OCC merely reiterated its legal position that SARs are absolutely privileged—a position that was expressly rejected by the district court. Having conceded argument on this point, upon remand, the OCC will be required to review BizCapital's request based upon the factors in its regulations. *See NLRB v. Enter. Ass'n*, 429 U.S. 507, 522 n.9 (1977) ("When an administrative agency has made an error of law, the duty of the Court is to 'correct the error of law committed by that body, and, after doing so to remand the case to the (agency) so as to afford it the opportunity of examining the evidence and finding the facts as required by law.'"). That the OCC is likely to deny the request after properly applying its regulations does not render remand a mere formality. *See FEC v. Akins*, 524 U.S. 11, 25 (1998) ("If a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case--even though the agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason.").

III

For the reasons stated, we VACATE that part of the district court's decision requiring disclosure and REMAND for proceedings not inconsistent with this opinion.

-6-